UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. SCOTT

                    Plaintiff,                              Case No.  10-14937

v.                                                          SENIOR UNITED STATES DISTRICT JUDGE
                                                            ARTHUR J. TARNOW
DANIEL BURRESS, ET AL.
                                                            MAGISTRATE JUDGE DAVID R. GRAND
                    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [55] AND MOTION TO AMEND THE COMPLAINT [57]

Now before the Court are Plaintiff's Motion for Reconsideration [55] and Motion to File Supplement or Addendum [57] in which Plaintiff requests that he be permitted to amend his complaint.

On March 29, 2012, the court granted the motions to dismiss [13], [18], [21], [41] of the various defendants in this case and also granted a motion for sanctions [17] against Plaintiff.  On April 12, 2012, Plaintiff filed his Motion for Reconsideration [55].  On April 23, 2012, Plaintiff filed his supplemental motion.

Local Rule 7.1(h)(3) provides that:

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Page 1 of  3

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case").  "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted).  "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Plaintiff argues that the court misstates a material fact by stating that Plaintiff argued he was framed for possession of narcotics.  However, Plaintiff's complaint alleges both that (1) the narcotics were placed in Plaintiff's car by other persons who intended that Plaintiff be arrested because of their presence, (2) that Plaintiff intended to return the narcotics, and (3) Plaintiff was arrested shortly after discovering the pills and prior to having an opportunity to return them.  Taking Plaintiff's statements in the complaint as true, as it is required to do at the motion to dismiss stage, the court finds it proper to frame Plaintiff's allegation as that of being framed.

Plaintiff is correct that the court inaccurately stated that his complaint was unclear about when he discovered the morphine pills in his car - Plaintiff did allege in his complaint that he discovered the pills "shortly before being stopped."  However, this fact does not change the applicability of the *Heck* doctrine to this case, as stated in the court's order.

Plaintiff seeks to amend his complaint to clarify the time period between his discovery of the narcotics in his car and the subsequent traffic stop.  As already stated, however, the court accepts as true Plaintiff's allegation that he discovered the narcotics shortly before being stopped; however,

ths does not affect the applicability of the *Heck* doctrine to this case.  Moreover, Plaintiff's characterization of Defendant's motions to dismiss as "in bad faith" is not persuasive.

The remainder of Plaintiff's motions primarily consist of repetition of the arguments advanced in his responses to the various motions to dismiss.  The court has previously rejected these arguments in its order [54].  Plaintiff has not demonstrated any palpable defect in this Court's order.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration and Motion to Amend the Complaint are **DENIED.**

**SO ORDERED**.

                                                    s/Arthur J. Tarnow
                                                    Arthur J. Tarnow
Dated: April 27, 2012                               Senior United States District Judge

_____

## CERTIFICATE OF SERVICE

I hereby certify on April 27, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 27, 2012: **None.**

                                                    s/Michael E. Lang
                                                    Deputy Clerk to
                                                    District Judge Arthur J. Tarnow
                                                    (313) 234-5182